UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL VERNELL YOUNG, #456140                CIVIL ACTION

VERSUS                                         NUMBER. 20-2077

ROBERT CLEVELAND, ET AL.                       SECTION: "G"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Michael Vernell Young, against some 12 Defendants affiliated with the Louisiana Department of Corrections and the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. (Rec. doc. 1). Plaintiff, an inmate of RCC at the time that suit was filed, alleged violations of his constitutional rights during his segregation and placement on suicide watch between August 22, 2019 and October 11, 2019. (*Id.*). Plaintiff's pauper status was previously revoked after it was determined that three §1983 actions that he had filed in this forum had been dismissed as frivolous and/or for failing to state a claim upon which relief can be granted. (Rec. doc. 10).

After this matter was reopened and re-referred to the undersigned (rec. doc. 17), the Court issued an order directing Plaintiff to provide the Court, on or before August 27, 2021, with an alternative service address for one of the named Defendants, Dr. Graham Sprueill, as service could not be effected at the address which Plaintiff had provided in his complaint. (Rec. docs. 18, 12). Subsequently, on August 11, 2021, a copy of the Chief District Judge's order reopening this matter which had been mailed to Plaintiff at his address of record, RCC, was returned to the Court with a notation that Plaintiff was no longer housed at that facility. (Rec. doc. 19). It has now been over 35 days since the copy

of that order that was mailed to Plaintiff was returned to the Court as undeliverable and no address correction has been made by him.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to promptly notify the court of any address ... change." The practical considerations that the Local Rule was intended to address were touched upon by the Fifth Circuit years ago, as follows:

> "It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing."
>
> *State v. Shannon*, No. 87-CV-3951,
> 1988 WL 54768 at *1 (E.D. La. May 23, 1988)
> (quoting *Perkins v. King*, No. 84-3310,
> slip. op. at *4 (5th Cir. May 19, 1985)).

Simply put, Local Rule 11.1 imposes an affirmative obligation on parties like Young to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. [1]/  *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n. 1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *St. Juniors v. Burgess*, No. 15-CV-0350, 2016 WL 4368230 (E.D. La. Aug. 16, 2016); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. Mar. 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007). Local Rule 41.3.1 further provides that "[t]he failure of a[] ... pro se litigant to notify the court of a current postal address may be considered cause for dismissal for

---

[1]/ While the vast amount of court-generated information is transmitted to litigants electronically via the CM/ECF system, communications with *pro se* plaintiffs are still conducted primarily by mail.

failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of a plaintiff to prosecute his case or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

     As noted above, Plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the tenth page of which contains a declaration, sworn to by him under penalty of perjury in substantial conformity with 28 U.S.C. §1746, that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and [the] failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 10). Plaintiff's inaction in this regard has deprived the Court of the ability to communicate with him and, consequently, to advance his case on the docket. Plaintiff has also failed to respond to the Court's order directing him to provide valid service information on Dr. Sprueill. As Young is proceeding *pro se* in this matter, these failures are attributable to him alone. Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1. *Andrew v. St. Tammany Parish Sheriff*, No. 15-CV-2097, 2017 WL 818983 at *3-4 (E.D. La. Mar. 2, 2017) (Brown, J.); *Walker v. Cummins*, No. 12-CV-1126, 2013 WL 3816745 (E.D. La. Jul. 22, 2013) (Brown, J.).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  19th   day of        September   , 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.